2015 OK 63

**Bradley Neal MADDOX, Petitioner,**

v.

**SOONER COMPLETIONS, INC., BITCO General Insurance Company (fka Bituminous Casualty Company) and The Workers' Compensation Commission, Respondents.**

**No. 114,189.**

Supreme Court of Oklahoma.

Oct. 12, 2015.

## ORDER

The claimant commenced a proceeding at the Workers' Compensation Commission (Commission), alleging an injury which occurred in August, 2014. The Workers' Compensation Act (Act) was effective on February 1, 2014. 85A O.S. Supp.2013 § 3. On July 22, 2015, the Workers' Compensation Administrative Law Judge (ALJ) filed an order denying compensability and dismissing the claim.

The claimant did not appeal to the Commission. Instead, the claimant filed his review proceeding in this Court on August 10, 2015, which was commenced within 20 days after a copy of the ALJ's order was sent to the parties. The employer filed a motion to dismiss, alleging that pursuant to 85A O.S. Supp.2013 § 78,[1] the claimant was first required to appeal to the Commission, and that a direct appeal cannot be brought to the Supreme Court from an order of the ALJ. The employer argued that because the claim-

Commission shall be recorded by a court reporter, if requested by any party. Any judgment of the Commission which reverses a decision of the administrative law judge shall contain specific findings relating to the reversal. . . .

C. The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judg-

ant's appeal is untimely, this appeal should be dismissed.

The law in effect at the time of injury applies. *Williams Companies, Inc. v. Dunkelgod,* 2012 OK 96, ¶ 32, 295 P.3d 1107. The Act became effective on February 1, 2014, before claimant's injury allegedly occurred in August, 2014. Therefore, the current Act is applicable, and the claimant must follow the procedure set forth in 85A O.S. Supp.2013 § 78.[2]

This Court lacks jurisdiction to consider a direct appeal from a ruling by the ALJ. This cause must be dismissed pursuant to 85A Supp.2013 § 78 because petitioner failed timely to appeal the decision of the ALJ to the Workers' Compensation Commission before seeking relief in this Court.

Respondents' motion to dismiss is granted pursuant to 85A O.S. Supp.2013 § 78.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12th DAY OF OCTOBER, 2015.

ALL JUSTICES CONCUR.

ment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted....

2. Title 85A O.S. Supp.2013 § 78, see note 1, supra.