OSCN Found Document:MADDOX v. SOONER COMPLETIONS, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MADDOX v. SOONER COMPLETIONS, INC.
2015 OK 63
Case Number: 114189
Decided: 10/12/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 63, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

BRADLEY NEAL MADDOX, Petitioner,
v.
SOONER COMPLETIONS, INC., BITCO GENERAL INSURANCE COMPANY (fka BITUMINOUS CASUALTY COMPANY) and THE WORKERS' COMPENSATION COMMISSION, Respondents.

ORDER

The claimant commenced a proceeding at the Workers' Compensation Commission (Commission), alleging an injury which occurred in August, 2014. The Workers' Compensation Act (Act) was effective on February 1, 2014. 85A O.S. Supp. 2013 §3. On July 22, 2015, the Workers' Compensation Administrative Law Judge (ALJ) filed an order denying compensability and dismissing the claim.

The claimant did not appeal to the Commission. Instead, the claimant filed his review proceeding in this Court on August 10, 2015, which was commenced within 20 days after a copy of the ALJ's order was sent to the parties. The employer filed a motion to dismiss, alleging that pursuant to 85A O.S. Supp. 2013 §78,[1] the claimant was first required to appeal to the Commission, and that a direct appeal cannot be brought to the Supreme Court from an order of the ALJ. The employer argued that because the claimant's appeal is untimely, this appeal should be dismissed.

The law in effect at the time of injury applies. Williams Companies, Inc. v. Dunkelgod, 2012 OK 96, ¶ 32, 295 P.3d 1107. The Act became effective on February 1, 2014, before claimant's injury allegedly occurred in August, 2014. Therefore, the current Act is applicable, and the claimant must follow the procedure set forth in 85A O.S. Supp. 2013 §78.[2]

 

This Court lacks jurisdiction to consider a direct appeal from a ruling by the ALJ. This cause must be dismissed pursuant to 85A Supp. 2013 §78 because petitioner failed timely to appeal the decision of the ALJ to the Workers' Compensation Commission before seeking relief in this Court.

Respondents' motion to dismiss is granted pursuant to 85A O.S. Supp. 2013 §78.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12th DAY OF OCTOBER, 2015.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

FOOTNOTES

[1] Title 85A O.S. Supp. 2013 §78 provides in pertinent part:

A. Any party feeling aggrieved by the judgment, decision, or award made by the administrative law judge may, within ten (10) days of issuance, appeal to the Workers' Compensation Commission. After hearing arguments, the Commission may reverse or modify the decision only if it determines that the decision was against the clear weight of the evidence or contrary to law. All such proceedings of the Commission shall be recorded by a court reporter, if requested by any party. Any judgment of the Commission which reverses a decision of the administrative law judge shall contain specific findings relating to the reversal. . . .

C. The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. . . .

[2] Title 85A O.S. Supp. 2013 §;78, see note 1, supra.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 3, Applicability of Act
Cited
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Discussed at Length